Filed 6/16/23 P. v. Jackson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DOUGLAS VARNELL JACKSON III,<br><br>    Defendant and Appellant. | F085191<br><br>(Fresno Super. Ct. No. F06906639)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County. Gregory T. Fain, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Franson, J. and De Santos, J.

## INTRODUCTION

In 2008, appellant and defendant Douglas Varnell Jackson III (appellant) was convicted after a jury trial of attempted murder of a peace officer and other felonies and was sentenced to 48 years plus life with the possibility of parole. His convictions were affirmed on direct appeal.

In 2022, appellant filed a petition for resentencing of his conviction for attempted murder pursuant to Penal Code section 1172.6.[1] The trial court denied the petition.

On appeal, appellate counsel has filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436. Appellant submitted his own letter brief and requested this court address certain issues.

We will address appellant's issues and affirm.

## FACTS[2]

"On August 5, 2006, [appellant] Douglas Jackson robbed a bank in Fresno. On August 29, 2006, [appellant] and Jamal Justin Chambers attempted to rob a bank in

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his petition in 2022 pursuant to "section 1170.95." As will be discussed below, the statute was substantively amended, effective on January 1, 2022; and renumbered as section 1172.6 without further change on June 30, 2022. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) As such, we refer to the subject statute by its current number throughout this opinion, except where otherwise indicated.

[2] The following facts and procedural background are from the record and opinion in appellant's direct appeal, which was included as a supporting exhibit in the prosecution's opposition to appellant's petition for resentencing.

In reviewing a section 1172.6 petition, the court may rely on "the procedural history of the case recited in any prior appellate opinion." (§ 1172.6, subd. (d)(3); *People v. Clements* (2022) 75 Cal.App.5th 276, 292; *People v. Cooper* (2022) 77 Cal.App.5th 393, 406, fn. 9.) The role of the appellate opinion is limited, however, and the court may not rely on factual summaries contained in prior appellate decisions or engage in fact finding at the prima facie stage. (*People v. Clements, supra,* 75 Cal.App.5th at p. 292; *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) We have recited the factual statement from appellant's direct appeal to place his arguments in context and will not

2.

Clovis but, after finding out no one could open the vault, fled empty-handed and shot at officers during an ensuing police pursuit." (*People v. Jackson* (Nov. 7, 2011, F057047 [nonpub. opn.]).)

## PROCEDURAL BACKGROUND

On October 27, 2008, a second amended information was filed in the Superior Court of Fresno County that (with a few noted exceptions) jointly charged appellant and codefendant Chambers with committing the following offenses on certain dates, with firearm allegations as to most counts.

Count 1, second degree robbery of Elise Harris (§ 211); count 2, second degree robbery of Aurelia Thomas; and count 3, possession of a firearm only as to Chambers (§ 12021, subd. (a)(1)), committed on July 25, 2006;

Count 4, second degree robbery of Cherry Stroud, Deborah Kay Peterson and Ray Ana Perez; and count 5, possession of a firearm by a felon only as to Chambers, committed on August 5, 2006; and

Count 6, attempted second degree robbery of Catherine Barnett (§§ 664, 211); count 7, kidnapping of Barnett to commit robbery (§ 209, subd. (b)(1)); counts 8 through 11, attempted murder of a peace officer as to, respectively, Officers Drake Hodge, James Koch, Phil Macy, and James Cummings (§§ 664, subd. (e), 187); counts 12 through 15, assault with a firearm on a peace officer or firefighter on, respectively, Officers Hodge, Macy, Cummings, and Koch (§ 245, subd. (d)(1)); count 16, evading an offer with willful disregard (Veh. Code, § 2800.2, subd. (a)); counts 17 and 18, possession of a firearm by a felon as to, respectively, Chambers and appellant, committed on August 29, 2006.

---

rely on that factual statement to resolve appellant's appeal from the trial court's order that found his petition did not state a prima facie case for relief.

**Jury Instructions**[3]

The following instructions were given at the joint jury trial for appellant and codefendant Chambers.

CALCRIM No. 400, aiding and abetting, stated: "A person may be guilty of a crime in two ways. One, he may have directly committed the crime. I will call that person the perpetrator. Two, he may have aided and abetted the perpetrator, who directly committed the crime. A person is equally guilty of the crime whether he committed it personally or aided and abetted the perpetrator who committed it."

The court also gave CALCRIM No. 401 on aiding and abetting: "To prove that a defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that: [¶] 1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. [¶] Someone aids and abets a crime if he knows of the perpetrator's unlawful purpose and he specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

As to attempted murder, the jury received CALCRIM No. 600, that to prove a defendant was guilty of the offense, the People must prove the defendant took one direct but ineffective step toward killing another person, and the defendant intended to kill that person. CALCRIM No. 602 stated that to each attempted murder charge, the People had to prove the allegation that the defendant knew, or reasonably should have known, the victim was a peace officer who was performing his duties.

CALCRIM No. 3148 stated that if the jury found a defendant guilty of attempted murder, it had to determine if the People proved the additional allegation that the

[3] The prosecution attached the jury instructions from the joint trial as exhibits in support of its opposition to appellant's petition for resentencing.

4.

defendant "personally discharged a firearm during the commission or attempted commission of the crime," and the defendant "intended to discharge the firearm" (§ 12022.53, subds. (b), (c)).

The jury was not instructed on the felony-murder rule, the natural and probable consequences doctrine, conspiracy, or any theories of imputed malice.

### Appellant's Convictions

On December 1, 2008, after the joint trial, the jury found appellant guilty of the following charges: count 8, attempted premeditated murder of Officer Hodge, and that he personally used and intentionally discharged a firearm (§ 12022.53, subds. (b), (c)); count 12, assault with a firearm on Officer Hodge, and that he personally used a firearm (§ 12022.5, subd. (a)); count 4, robbery, and that a principal was armed with a firearm (§ 12022, subd. (a)(1)); count 6, attempted robbery, and that he was armed with a firearm (§ 12022.53, subd. (b)); count 16, evading an officer with willful disregard, and that he personally used a firearm (§ 12022.5, subd. (a)); and count 18, possession of a firearm by a felon.[4]

Appellant admitted one prior serious felony enhancement, one prior strike conviction, and two prior prison term enhancements. (*People v. Jackson*, *supra*, F057047.)

### Sentence

On January 27, 2009, the court sentenced appellant to a determinate term of 48 years plus a consecutive indeterminate term of life with the possibility of parole. (*People v. Jackson*, *supra*, F057047.)

---

[4] As to the other charges against appellant, the court dismissed one count before the case went to the jury, the jury found Jackson not guilty of six counts, and the jury was unable to reach verdicts on two counts. (*People v. Jackson*, *supra*, F057047.)

**Direct Appeal**

On November 7, 2011, this court filed the nonpublished opinion that corrected a clerical error and otherwise affirmed appellant's convictions on direct appeal. We rejected his arguments about the reliability of his identification as the perpetrator of one of the robberies, and his claims about alleged juror intimidation and misconduct. (*People v. Jackson*, *supra*, F057047.)[5]

## PETITION FOR RESENTENCING

On April 1, 2022, appellant filed a petition, in pro. per., for resentencing of his attempted murder conviction pursuant to the amendments enacted by Senate Bill No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775) to section 1172.6. Appellant claimed he was convicted of attempted murder under theories of felony murder, the natural and probable consequences doctrine, and/or imputed malice, and requested appointment of counsel.

Appellant filed supporting exhibits consisting of numerous pages of witness testimony from the transcript of the joint jury trial; excerpts from the closing arguments from the prosecutor and defense counsel; a private investigator's report about an interview with a witness, and what appears to be page-line summaries of witness statements.

---

[5] After the joint jury trial, codefendant Chambers was convicted of count 6, attempted robbery with personal use of a firearm (§ 12022.53, subd. (b)); count 8, attempted premeditated murder of Officer Hodge, and that he personally used and intentionally discharged a firearm (§ 12022.53, subds. (b), (c)); count 12, assault with a firearm on Officer Hodge, with personal use of a firearm (§ 12022.5, subd. (a)), count 16, evading an officer with willful disregard, with personal use of a firearm (*id.*, subd. (a)(1)); and count 17, felon in possession of a firearm. As to the other charges against Chambers, the court dismissed one count before it went to the jury, the jury found him not guilty of seven counts, and the jury was unable to reach verdicts on four counts.

Chambers was sentenced to a determinate term of 38 years plus life with the possibility of parole. In his direct appeal, this court ordered a concurrent term to be stayed, rejected his claims about alleged juror intimidation and misconduct, and affirmed the judgment. (*People v. Chambers* (Nov. 7, 2011, No. F057049) [nonpub. opn.].)

**The People's Opposition**

On May 31, 2022, the prosecution filed opposition and argued appellant was ineligible for resentencing as a matter of law because he was not convicted of attempted murder under the natural and probable consequences doctrine, and the instructions and verdicts showed the jury found appellant acted with express malice and the intent to kill.

The People's opposition was supported by this court's opinion from appellant's direct appeal and the jury instructions given at his trial.

**Appellant's Reply**

On June 29, 2022, appellant filed a response in pro. per. and argued he submitted trial evidence in support of his petition that rebutted the validity of his convictions and established his eligibility for sentencing relief, the prosecutor failed to challenge this evidence in the opposition, and his petition should be granted.

**Appointment of Counsel and Order Setting Hearing**

On July 13, 2022, the court appointed the public defender to represent appellant.

On August 3, 2022, Judge Fain filed an order stating that it appeared from the record of conviction that appellant was ineligible for resentencing. The court further stated appellant was entitled to a hearing pursuant to *Lewis* and section 1172.6 as to whether there was a prima facie case for relief and set the hearing.

On August 4, 2022, the court granted the motion of the public defender's office to withdraw, and appointed conflict counsel to represent appellant.

On August 12, 2022, appellant, again acting in pro. per., filed a motion stating he would be raising ineffective assistance as an issue because his appointed counsel failed to take any action in support of his petition.

On August 24, 2022, appellant's counsel filed a motion to continue the hearing on the petition because counsel had just received the file and needed time to research issues. On August 26, 2022, the court granted counsel's continuance motion.

On September 15, 2022, appellant, acting in pro. per., filed a motion that his due process rights were violated by Judge Fain's statement in his order that set the hearing, that it appeared appellant was ineligible for resentencing.

**The Court's Hearing**

On September 19, 2022, Judge Fain conducted the hearing as to whether appellant's petition stated a prima facie case for relief. Appellant was present with his attorney.

The court acknowledged it previously issued an order that stated appellant appeared ineligible for relief, but explained it was not bound by that initial finding and it had complied with section 1172.6 by setting a hearing as to whether the petition stated a prima facie case for relief. The court stated it had read and considered the pleadings, including the jury instructions and verdicts from appellant's trial.

Defense counsel had also reviewed the pleadings and the jury instructions, and certain cases requested by appellant. Counsel believed appellant was ineligible for relief as a matter of law and submitted the matter. The prosecutor also submitted on the briefing.

The court addressed the current state of the law under the amendments to section 1172.6, enacted by Senate Bill 775, and that a party could move for resentencing if convicted of attempted murder under an imputed malice theory.

The court stated appellant's petition primarily sought reconsideration of the facts from his jury trial, but "that's not what the court's function is" in a section 1172.6 petition. The court stated it had reviewed the jury instructions, and "[t]here's an absence of any instruction regarding the natural and probable consequences doctrine. There is no mention of it. There is no mention of the felony murder rule. There is no mention of imputation of malice or any other instruction in any of these documents."

The court concluded the record of conviction refuted the allegations in appellant's petition, and the jury was required to find he had the intent to kill to convict him of

8.

attempted murder.  In addition, the jury found that appellant personally used and intentionally discharged a firearm in the commission of the attempted murder, showing he was the actual perpetrator of the offense.  The court denied the petition.

On October 24, 2022, appellant filed a timely notice of appeal.

## DISCUSSION

### I.  Delgadillo/Wende

In *Delgadillo*, the court held a *Wende* analysis is not applicable to a trial court's order that denies a petition for postconviction relief under section 1172.6.  (*Delgadillo, supra*, 14 Cal.5th at p. 222.)  *Delgadillo* held that instead of using the process outlined in *Wende*, appointed counsel and the appellate court should do the following:  "When appointed counsel finds no arguable issues to be pursued on appeal:  (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter."  (*Id*. at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion….  If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned.  [Citation.]  … While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."  (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

As noted above, appellate counsel filed a brief with this court pursuant to *Delgadillo* and *Wende*.  The brief also included counsel's declaration that appellant was advised he could file his own brief with this court.  This court sent appellant an order

9.

that, pursuant to *Delgadillo*, the appeal would be dismissed as abandoned if he failed to submit a letter brief within 30 days.

On March 24, 2023, appellant filed a supplemental brief with this court in response to our *Delgadillo* order. We will address his arguments and independently review the record and find no arguable issues.

## II.    Section 1172.6

"Effective January 1, 2019, Senate Bill ... 1437 ... amended the felony-murder rule by adding section 189, subdivision (e).  [Citation.]  It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life.  [Citation.]  The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 50–51; *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," initially codified in former section 1170.95.  (*Strong, supra*, 13 Cal.5th at p. 708, fn. omitted; *Lewis, supra*, 11 Cal.5th at p. 959.)  The initial version of former section 1170.95 permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill … 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Effective January 1, 2022, Senate Bill 775 (2020–2021 Reg. Sess.) made substantive amendments to former section 1170.95 that were consistent with *People v. Lewis, supra*, 11 Cal.5th 952, and also " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

On June 30, 2022, the statute was renumbered as section 1172.6 without further substantive changes. (*People v. Saibu, supra*, 81 Cal.App.5th at p. 715, fn. 3.)

Section 1172.6, subdivision (a) thus states:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)[6]

The court shall appoint counsel if requested by petitioner. (§ 1172.6, subd. (b)(3).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (*Id.*, subd. (c).)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis, supra*, 11 Cal.5th at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

If an order to show cause is issued, "the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence...." (§ 1172.6, subd. (d)(1).)

---

[6] While not applicable herein, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f).)

12.

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens...." (§ 1172.6, subd. (d)(3).)[7]

## III. Appellant's Contentions

We first note that when appellant filed his petition for resentencing, the trial court complied with section 1172.6 and appointed counsel, received additional briefing, held a hearing on the petition, and stated reasons why it was denying the petition without issuing an OSC – that appellant's conviction for attempted murder was not based on any theories of imputed malice and he was the actual perpetrator of the offense. (§ 1172.6, subds. (b)(3), (c), (d).) We thus turn to the contentions in appellant's supplemental brief.

### A. *Instructional Claims*

In his supplemental brief, appellant argues the jury was instructed on the natural and probable consequences doctrine based on language in CALCRIM No. 3149.

---

[7] "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing" in determining whether he made a prima facie case for relief. (*People v. Flores* (2022) 76 Cal.App.5th 974, 988, fn. omitted.)

Appellant further argues he was convicted based on the aiding and abetting instructions in CALCRIM Nos. 400 and 401. Appellant thus concludes these instructions show he was convicted of attempted murder based upon imputed malice.

As to the aiding and abetting instructions, appellant apparently relies on the phrase "equally guilty" that was used in CALCRIM No. 400, as implicating imputed malice. The inclusion of this phrase, however, did not result in appellant being convicted based on imputed malice because the jury was also instructed with CALCRIM No. 401, that an aider and abettor had to know the unlawful purpose of the perpetrator, intended to encourage or facilitate the commission of the crime, and by act or advice, aided or encouraged the commission of the crime. By giving CALCRIM No. 401, the instructional language "would have cleared up any ambiguity arguably presented by former CALCRIM No. 400's reference to principals being 'equally guilty.' " (*People v. Johnson* (2016) 62 Cal.4th 600, 641.)

As for CALCRIM No. 3149, that instruction expressly stated it was limited to an enhancement only alleged as to codefendant Chambers – that if the jury found Chambers guilty of count 8, attempted murder, it had to determine whether the People proved the additional allegation that Chambers personally and intentionally discharged a firearm that inflicted *great bodily injury to the victim*. While the instruction stated that an act would cause great bodily injury if it was "the direct, natural, and probable consequence of the act and the injury would not have happened without the act," the instruction was limited to the enhancement and, more importantly, the conduct of codefendant Chambers. Appellant was not alleged to have inflicted any injuries upon the victim identified in count 8 or any of the victims named in the second amended information, and the jury did not return verdicts or findings that appellant inflicted great bodily injury on any victim in this case.

We further note that appellant's conviction for attempted murder became eligible for resentencing as a result of the amendments enacted by Senate Bill 775. However, he

14.

failed to make a prima facie case for resentencing on these convictions. The jury was instructed with CALCRIM No. 600, that to prove that he was guilty of attempted murder, the People had to prove that he took at least one direct but ineffective step toward killing another person, and he *intended to kill* that person.

### B. *Evidentiary Claims*

As noted by the trial court, appellant's petition filed pursuant to section 1172.6 primarily raised purported evidentiary challenges to the validity of his convictions and sought to undermine the jury's factual findings, supported by numerous pages from the trial transcript.

Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted.) "The purpose of [section 1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Appellant could not relitigate alleged evidentiary issues as to his guilt in his section 1172.6 petition for resentencing.

### C. *Ineffective Assistance*

Also in his supplemental brief, appellant raises claims of ineffective assistance because the court failed to immediately appoint counsel, the attorney who was eventually appointed failed to communicate with him or file any briefing on his behalf, and appellant had to file his own briefs in pro. per. before the trial court.

The record refutes these claims. The court initially appointed counsel and had to grant a substitution motion because of a conflict. Appellant's second counsel requested and received a continuance to fully review the record, and the court granted the motion. At the hearing on the motion, counsel acknowledged having reviewed the record and the pleadings, conceded appellant was not eligible for resentencing, and submitted the matter.

15.

As explained herein, counsel's decision to submit the matter did not constitute ineffective assistance. Appellant could not use his petition to undermine the jury's factual findings on his guilt, and the jury instructions conclusively established he was not convicted of attempted murder based on any theories of imputed malice. An attorney is not ineffective for failing to raise meritless objections or motions. (*People v. Lucero* (2000) 23 Cal.4th 692, 732.)

### D.    *Alleged Judicial Misconduct*

Appellant further argues the court improperly made adverse findings before counsel was appointed when it issued the order that set a hearing on his petition and stated he was not eligible for resentencing.

The court did not violate appellant's right to counsel or due process rights when it set the hearing on his petition. As quoted above, Judge Fain's order that set the hearing did not summarily deny the petition on the pleadings. Instead, he acknowledged that appellant was entitled to a hearing on the petition pursuant to *Lewis* and section 1172.6 and set the hearing. At that hearing, Judge Fain stated he had reviewed the petition and supporting pleadings, and invited arguments from the attorneys. The court complied with section 1172.6 and made express findings why appellant's petition failed to state a prima facie case as a matter of law – that he was not convicted of attempted murder based on any theories of imputed malice.

### E.    *Ineffective Assistance of Appellate Counsel*

Finally, appellant asserts he provided "evidence" to his appellate counsel about the failure of his appointed counsel to file briefs and represent him at the hearing on his petition, and appellate counsel was ineffective for failing to raise these issues.

An appellate counsel does not commit ineffective assistance by filing a *Wende* brief since "the appellate court … review[s] the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.) As previously explained, the California Supreme Court held in *Delgadillo* that "[w]hen appointed

16.

counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.] … While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Id.* at p. 232.)

In this appeal, appellant responded to this court's *Delgadillo* order and filed a supplemental brief. We have addressed the issues raised in his supplemental brief and furthermore exercised our discretion to conduct our own independent review of the record. There are no arguable issues, and appellant was ineligible for resentencing as a matter of law as to his attempted murder conviction. Appellate counsel was not ineffective for failing to raise appellant's purported contentions.

## DISPOSITION

The court's order of September 19, 2022, denying appellant's section 1172.6 petition for resentencing, is affirmed.